transported E. in a police vehicle to the School. No CREC defendant was "participating alongside" Hartford police officers during those pertinent events.

III

The May 7 Ruling discussed a number of arrest cases which considered a private entity's possible § 1983 liability as a state actor, acting under color of state law. I continue to rely on them, particularly *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268 (2d Cir. 1999). *See* 2018 WL 2100280, at *7 (discussing cases). Guidance may also be derived from the Second Circuit's opinion in *King v. Crossland Savings Bank*, 111 F.3d 251 (2d Cir. 1997), a case involving claims asserted under state law, rather than § 1983. Plaintiffs in *King*, a bank customer and his companion, sued a bank and the issuer of travelers' checks for false imprisonment. *Id.* at 253. Plaintiffs alleged that their arrests were caused by the bank's erroneous report to police that third-party travelers' checks presented to the bank by the plaintiff customer were either lost or stolen, a report based on information provided by the issuer. *Id.* The Second Circuit's opinion affirming the district court's grant of summary judgment for defendants includes this reasoning:

> To hold a defendant liable as one who affirmatively instigated or procured an arrest, a plaintiff must show that the defendant or its employees did more than merely provide information to the police. *The mere identification of a potential culprit does not give rise to liability.* It is the law of this state that the mere furnishing of information to the police will not subject the informant to liability in an action for false arrest when an arrest of an innocent person results from such information. Further, if a defendant erroneously reports a suspected crime, but in no other way instigates the arrest, he is not liable for false imprisonment.

*Id.* at 257 (citations and internal quotation marks omitted) (emphasis added).[8] Based on that

---

[8] *King* summarizes New York law on the point. There is no reason to think that Connecticut law is any different.